```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION
```

UNITED STATES OF AMERICA,                CRIM. CASE NO. 93-50038

               Plaintiff,

                                   HONORABLE PAUL V. GADOLA
v.                                U.S. DISTRICT JUDGE

MARCEL KENYATTA MAYS,

               Defendant.
_____/

**ORDER DENYING DEFENDANT'S "MOTIONS FOR CORRECTION OR REDUCTION OF SENTENCES PURSUANT TO THE OLD VERSION OF RULE 35(a)"**

Before the Court is Defendant's "Motions for correction or reduction of sentence pursuant to the old version of Rule 35(a)," filed on July 25, 2005. Defendant was sentenced on April 11, 1994 by Judge Stewart Newblatt to 235 months in prison. Defendant has previously filed a motion to vacate sentence under 28 U.S.C. § 2255, which was denied on August 3, 2000.

Defendant now seeks relief under an earlier version of Rule 35(a), which allowed the Court to correct an illegal sentence "at any time." Rule 35(a)(1982); United States v. Tosh, 330 F.3d 836, 839 (6th Cir. 2003). In particular, Defendant argues that Defendant's sentence is illegal in the wake of United States v. Booker, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). The Court previously addressed this argument in adjudicating

Defendant's February 10, 2005 motion. First of all, the older version of Rule 35(a) "applies only to offenses committed <u>prior to</u> November 1, 1987." <u>Tosh</u>, 330 F.3d 836, 839 n.2 (emphasis added). As noted above, Defendant was sentenced on April 11, 1994, which is after November 1, 1987. Therefore the old version of Rule 35 is not applicable.

Even if the earlier rule applied, there is no grounds for relief under that rule. <u>See</u>, <u>e.g.</u>, <u>Tosh</u>, 330 F.3d at 42-43 (Batchelder, J., concurring); <u>United States v. Ramirez</u>, 69 Fed. Appx. 314, 316 (6th Cir. 2003); <u>United States v. Handal</u>, 70 Fed. Appx. 243 (6th Cir. 2003) ("Rule 35 [] permits a district court to correct or reduce a sentence **only if** it has been determined **on appeal** that a sentence has been imposed in violation of law or as a result of an incorrect application of the Sentencing Guidelines (Rule 35(a)), or [if] the government requests a reduction in sentence (Rule 35(b))."). In this case, Defendant's sentence was affirmed on appeal in 1997 and the Government has not requested a reduction in sentence.

Furthermore, <u>Booker</u> does not apply retroactively. <u>Humphress v. United States</u>, 398 F.3d 855, 860-63 (6th Cir. 2005). In fact, courts in all eleven circuits and the D.C. Circuit have likewise held that <u>Booker</u> does not apply retroactively. <u>See</u> <u>Cirilo-Munoz v. United States</u>, 404 F.3d 527, 533 (1st Cir. 2005); <u>Guzman v.</u>

United States, 404 F.3d 139, 144 (2d Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005); Daniel v. United States, 2005 U.S. Dist. LEXIS 11509 (N.D. W. Va. 2005)(unpublished); In re Elwood, 2005 U.S. App. LEXIS 7343 (5th Cir. 2005)(unpublished); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005); Clark v. United States, 2005 U.S. Dist. LEXIS 11148 (D. Minn. 2005); Hewett v. United States, 2005 U.S. Dist. LEXIS 10910 (D. Haw. 2005)(unpublished); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005); Varela v. United States, 400 F.3d 864, 866-68 (11th Cir. 2005); United States v. Agramonte, 366 F. Supp. 2d 83, 89 (D.D.C. 2005). The Court therefore finds no grounds for relief under Rule 35(a).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's "Motions for correction or reduction of sentence pursuant to the old version of Rule 35(a)," accepted for filing on July 25, 2005, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's application to proceed in forma pauperis, accepted for filing on July 25, 2005, is **DENIED AS MOOT**, as there is no motion fee associated with the filing.

SO ORDERED.

Dated: July 26, 2005         s/Paul V. Gadola
                             HONORABLE PAUL V. GADOLA
                             UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   July 27, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                 Mark C. Jones                           , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:         Marcel Mays                          .

                    s/Ruth A. Brissaud
                    Ruth A. Brissaud, Case Manager
                    (810) 341-7845